FILED

Jeffrey M. Galen, Esq. [SBN 134705]
Glenn D. Davis, Esq. [150744]
GALEN & DAVIS, LLP
16255 Ventura Blvd., Suite 440
Encino, CA 91436
(818) 986-5685 (telephone); (818) 986-1859 (facsimile)
EMAIL: jeffrey.galen@galendavislaw.com

2012 FEB 21 PM 3: 31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Attorney for Plaintiff, ARROW ELECTRONICS, INC., a New York Corporation, ARROW
ENTERPRISE COMPUTING SOLUTIONS, INC., a Delaware Corporation,

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York Corporation; ARROW ENTERPRISE COMPUTING SOLUTIONS, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>JAMES KEGELMEYER, an individual; SANDRA KEGELMEYER, an individual; and DOES 1 through 10, inclusive.<br>Defendants. | Civil Action No.<br><br>**CV12 1458~RGR (CWx)** |

## COMPLAINT FOR:

1) **BREACH OF PERSONAL GUARANTY AGAINST DEFENDANT JAMES KEGELMEYER**

2) **BREACH OF PERSONAL GUARANTY AGAINST AND SANDRA KEGELMEYER**

Plaintiff, ARROW ELECTRONICS, INC., a New York Corporation (hereinafter referred to as "ARROW") files this Complaint against Defendants, JAMES KEGELMEYER, an individual and SANDRA KEGELMEYER, an individual for its claims as follows:

### FIRST CAUSE OF ACTION

### BREACH OF PERSONAL GUARANTY AGAINST JAMES KEGELMEYER

1. Arrow Electronics, Inc. ("ARROW") is a New York Corporation with its principal place of business at 50 Marcus Drive, Melville, NY 11747-4210 along with offices throughout the United States. ARROW ENTERPRISE COMPUTING SOLUTIONS, INC., is a Delaware Corporation with its principal place of business at 7459 South Lima Street, Englewood, CO 80112.

2. Defendant JAMES KEGELMEYER ("KEGELMEYER") is an individual whose principal place of business is located in the City of Rochester, State of New York.

3. Defendant SANDRA KEGELMEYER ("S. KEGELMEYER") is an individual whose principal place of business is located in the City of Rochester, State of New York.

4. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of defendants sued herein as Does 1 to 10, inclusive, and Plaintiffs therefore sue said Defendants by such fictitious names. Each of the Defendants designated herein as Doe is responsible in some manner for the events and happenings herein referred to, and proximately caused the injuries and damages to Plaintiff, in a manner hereinafter alleged. Plaintiffs will ask leave of court to amend this

Complaint to show their true names and capacities when the same have been ascertained.

5.  The amount in controversy in this proceeding, exclusive of interest and costs, exceeds the sum of $75,000.00.

6.  Jurisdiction and venue are proper in this Court pursuant to the Personal Guaranty which is the subject of this action.

7.  The parties agreed that all actions or proceedings arising in connection with the Guaranty shall be tried and litigated only in the State and Federal courts located in the County of Los Angeles, State of California.

8.  ARROW is engaged in the business as a global provider of products, services and solutions to industrial and commercial users of electronics components and enterprise computing solutions with its corporate offices in the City of Melville, State of New York.

9.  On or about October 6, 2008, ARROW entered into an Escrow Agreement with ServerWare Corporation in order to induce ARROW to accept purchase orders and delivered product pursuant to those purchase orders to ServerWare Corporation's end user (customer).  ServerWare Corporation agreed that all sums payable by the end user/customer shall be delivered directly to ARROW with the placement of funds in escrow.  A true and correct copy of the Escrow Agreement dated October 6, 2008 is attached hereto as Exhibit "1".

10.  On or about February 27, 2002, JAMES KEGELMEYER ("KEGELMEYER") executed and delivered a personal guaranty to induce ARROW to extend credit to ServerWare Corporation and which KEGELMEYER personally guaranteed and

3

promised to pay on demand the indebtedness of ServerWare Corporation. (A true and correct copy of the Guaranty signed by KEGELMEYER is attached hereto as Exhibit "2").

11. During the period of August 30, 2011 through November 14, 2011, ARROW accepted purchase orders from ServerWare Corporation and delivered product pursuant to those purchase orders to ServerWare Corporation's end user (customer) in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06).

12. On or about January 13, 2012, ServerWare Corporation breached the escrow agreement by failing to pay ARROW for the products ordered and received by the end user in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06).

13. ARROW has fully performed all of the terms and conditions of both the agreement and guaranty.

14. On December 14, 2011, KEGELMEYER breached the guaranty by failing and refusing to honor the guaranty and paying ARROW for the indebtedness of ServerWare Corporation in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06). Pursuant to the Guaranty, the amount is limited to Three Hundred Thousand Dollars ($300,000.00), therefore the amount due and owing to ARROW is Three Hundred Thousand Dollars ($300,000.00).

15. As a result of the breach of the Personal Guaranty, ARROW made a demand upon KEGELMEYER to pay the amount due and owing to ARROW pursuant to the personal guaranty, however, KEGELMEYER has failed and refused, and

continues to fail and refuse to pay ARROW.

16. As a direct result of KEGELMEYER'S wrongful and unlawful conduct in failing to honor the Personal Guaranty, ARROW has sustained damages in the sum of Three Hundred Thousand Dollars ($300,000.00).

17. As a further, direct result of KEGELMEYER'S wrongful and unlawful conduct in a manner described above, ARROW was required to, and did, employ attorneys, duly licensed to practice law in the State of California for the purposes of representing it in the above-entitled action, and as a result thereof, will incur attorneys' fees and costs in amounts not now known, but which will be stated according to proof at the time of trial. Pursuant to the Personal Guaranty, in the event of collection of such obligation or indebtedness arising out of this Guaranty, Defendants shall pay all costs and expenses including all attorney's fees.

18. As a further, direct result of KEGELMEYER'S wrongful and unlawful conduct in a manner as described above, ARROW is entitled to pre-trial interest on all amounts due and owing at the legal rate per annum from December 14, 2011, to the date of trial.

WHEREFORE, ARROW hereby demand the entry of an order entering judgment in favor of ARROW and against Defendant, KEGELMEYER the amount of at least Three Hundred Thousand Dollars ($300,000.00) plus interest, costs and attorney's fees for such other and further relief as this Court deems just and equitable.

## SECOND CAUSE OF ACTION

## BREACH OF PERSONAL GUARANTY AGAINST SANDRA KEGELMEYER

19. ARROW incorporates by reference herein all of the allegations contained in

the previous paragraphs of this Complaint as if fully set forth herein.

20.  On or about February 27, 2002, SANDRA KEGELMEYER ("S. KEGELMEYER") executed and delivered a personal guaranty to induce ARROW to extend credit to ServerWare Corporation and which S. KEGELMEYER personally guaranteed and promised to pay on demand the indebtedness of ServerWare Corporation.  (A true and correct copy of the Guaranty signed by S. KEGELMEYER is attached hereto as Exhibit "2").

21.  During the period of August 30, 2011 through November 14, 2011, ARROW accepted purchase orders from ServerWare Corporation and delivered product pursuant to those purchase orders to ServerWare Corporation's end user (customer) in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06).

22.  On or about January 13, 2012, ServerWare Corporation breached the escrow agreement by failing to pay ARROW for the products ordered and received by the end user in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06).

23.  ARROW has fully performed all of the terms and conditions of both the agreement and guaranty.

24.  On December 14, 2011, S. KEGELMEYER  breached the guaranty by failing and refusing to honor the guaranty and paying ARROW for the indebtedness of ServerWare Corporation in the amount of Four Hundred Seventy Six Thousand Four Hundred Eighty Three Dollars and Six Cents ($476,483.06).  Pursuant to the Guaranty, the amount is limited to Three Hundred Thousand Dollars ($300,000.00), therefore the

amount due and owing to ARROW is Three Hundred Thousand Dollars ($300,000.00).

25. As a result of the breach of the Personal Guaranty, ARROW made a demand upon S. KEGELMEYER to pay the amount due and owing to ARROW pursuant to the personal guaranty, however, S. KEGELMEYER has failed and refused, and continues to fail and refuse to pay ARROW.

26. As a direct result of S. KEGELMEYER'S wrongful and unlawful conduct in failing to honor the Personal Guaranty, ARROW has sustained damages in the sum of Three Hundred Thousand Dollars ($300,000.00).

27. As a further, direct result of S. KEGELMEYER'S wrongful and unlawful conduct in a manner described above, ARROW was required to, and did, employ attorneys, duly licensed to practice law in the State of California for the purposes of representing it in the above-entitled action, and as a result thereof, will incur attorneys' fees and costs in amounts not now known, but which will be stated according to proof at the time of trial. Pursuant to the Personal Guaranty, in the event of collection of such obligation or indebtedness arising out of this Guaranty, Defendants shall pay all costs and expenses including all attorney's fees.

28. As a further, direct result of S. KEGELMEYER'S wrongful and unlawful conduct in a manner as described above, ARROW is entitled to pre-trial interest on all amounts due and owing at the legal rate per annum from December 14, 2011, to the date of trial.

WHEREFORE, ARROW hereby demand the entry of an order entering judgment in favor of ARROW and against Defendant, S. KEGELMEYER the amount of at least Three Hundred Thousand Dollars ($300,000.00) plus interest, costs and attorney's fees for such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Dated: February 14, 2012

GALEN & DAVIS LLP

By: _____
Jeffrey M. Galen, Esq.
GALEN & DAVIS LLP
16255 Ventura Blvd., Suite 440
Encino, CA 91436
818-986-5685 Telephone
818-986-1859 Facsimile
Attorneys for Plaintiff,
Arrow Electronics, Inc.

8

## ESCROW AGREEMENT

This Escrow Agreement is made as of the day of <u>10/6/08</u>, 2008, by and among Serverware Corporation ("Reseller"), Arrow Enterprise Computing Solutions, Inc (Arrow), and Manufacturers and Traders Trust Company ("Bank") as Escrow Agent ("Escrow Agent").

1.    This Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. This Escrow Agreement may not be altered or modified without the written consent of all the parties hereto.

2.    The term of this Escrow Agreement shall be from the date hereof until terminated pursuant to Section 13 hereof. This Escrow Agreement shall apply to escrow account # <u>1014328</u> at Manufacturers and Traders Trust Company (the "Escrow Account") established between Arrow and Reseller, which will be in the name of the Reseller. This Escrow Account will be utilized only for transactions between Arrow and Reseller and only in accordance with the terms of this Escrow Agreement.

3.    For all transactions financed between Arrow and Reseller through this Escrow Account, prior to shipment of the related product, Reseller will provide Arrow with copies of all related Purchase Orders from their customer showing the remit-to address as follows:

All Checks shall be remitted to the Escrow Agent at the following address:

M&T Bank
Attn: Joan Stapley 7th Fl CT.
One M&T Plaza
Buffalo, NY 14203
Re: Serverware Account 713005035

All wires shall be remitted to the Escrow Agent at the following address:

ABA #022000046
MFRS BUF
A/C 3088001950200
A/C Trust Division
F/f/c Serverware (713005035): (SERVERWARE ACCOUNT NUMBER)
Attn: Joan Stapley

Checks received by Escrow Agent that are made payable to a party other than Serverware Account 713005035 shall be returned to Reseller by the Escrow Agent.

grace period from the date of Arrow's invoice to Reseller will be responsible for interest that will accrue from the 45th day at a rate of 18% APR, which may be disbursed to Arrow hereunder.

8. (a) Except as specified herein, Arrow and Reseller agree to hold the Escrow Agent harmless and indemnify the Escrow Agent against any loss, liability, expenses (including attorney's fees and expenses), claim, or demand arising out of or in connection with the performance of its obligations in accordance with the provisions of this Agreement, except for any such loss, liability, expenses, claim or demand arising as a result of the gross negligence or willful misconduct of the Escrow Agent or any employee or agent thereof. The foregoing indemnities on this paragraph shall survive the termination of this Agreement.

(b) The Escrow Agent's duties hereunder are only such as are specifically provided herein, and, absent gross negligence or willful misconduct by the Escrow Agent or any employee or agent thereof, the Escrow Agent shall incur no liability whatsoever to Reseller or Arrow. The Escrow Agent shall have no responsibility hereunder other than to follow faithfully the instructions herein contained.

(c) The Escrow Agent may consult with counsel and shall be fully protected in any action taken in good faith in accordance with such advice. The Escrow Agent shall be fully protected in acting in accordance with any written instructions given to it hereunder and confirmed by it to have been executed by the proper parties. The Escrow Agent shall not be liable for interest on the escrow Account except as expressly provided herein.

(d) It is understood and agreed that should any dispute arise with respect to the payment and/or ownership or right of possession of the Escrow Account, the Escrow Agent is authorized and directed to retain in its possession, without liability to anyone, all or any part of said Escrow Account until such dispute shall have been settled either by mutual agreement by the parties concerned or by the final order, decree or judgment of a court or other tribunal of competent jurisdiction in the United States of America and time for appeal has expired and no appeal has been perfected, but the Escrow Agent shall be under no duty whatsoever to institute or defend any such proceedings.

(e) The Escrow Agent shall be entitled to compensation for its services hereunder in the amount of $ 1,500.00 upon Execution of this Agreement and on each anniversary thereof plus $15.00 per disbursement payment of which compensation shall be the responsibility of the Reseller.

9. This Agreement shall be governed by the laws of the State of Colorado, without regard to its principles of conflicts of law. Any legal action or proceeding with respect to this agreement may be brought in the courts of the State of Colorado or the United States of America located within State of Colorado. Nothing herein however shall affect the right of Arrow to commence legal proceedings or otherwise proceed against the

4.     Funds received prior to 2:00 pm (EST) by the Escrow Agent shall be deposited by the Escrow agent on the date received. Funds received after 2:00 pm (EST) will be deposited on a best efforts basis same day or next business day. The Escrow Agent shall disburse available funds upon the joint written instructions authorized by a representative of Reseller and Arrow faxed to the Escrow Agent prior to 2:00 pm (EST) of that day. The Escrow Agent may rely upon any instrument or signature reasonably believed to be genuine and which is substantially similar to the disbursement instruction letter attached as Exhibit A. At least one authorized signer from Reseller and one authorized signer from Arrow must sign the disbursement instruction letter. Both Reseller and Arrow will provide the Escrow Agent with specimen signatures of at least three authorized signers for their respective companies. In the Escrow Agent disburses funds pursuant to this Agreement based on instruments that it is subsequently determined cannot be collected, Reseller shall be responsible for the shortfall and shall reimburse Escrow Agent immediately after written notice to the Reseller of the shortfall.

5.     The Escrow Agent will fax all escrow deposit information, including check and check remittance copies or wire information, to Arrow at ▓▓▓▓▓▓▓▓; Attention: ▓▓▓▓▓▓▓▓ and to Reseller at (585) 486-1865; Attention: Sandy Kegelmeyer/Pamela Hillengas, within one business day of receipt of the funds. The Escrow Agent to both Arrow and Reseller shall also verify disbursement of funds via faxes to the same numbers on the same business day of disbursement.

6.     The Escrow Agent shall wire funds to be disbursed to Arrow to:

Arrow Enterprise Computing Solutions, Inc.


The Escrow Agent shall transfer the funds to be disbursed to Reseller to:

Manufacturers and Traders Trust Company
255 East Avenue – 3rd Floor
Rochester, NY 14604
Account # 8890754289

7.     If funds cannot be disbursed in accordance with Section 4 because the funds and or disbursement instruction are not received by the 2:00 pm (EST) cut-off described in that section, the funds will be invested in a Money Market Fund approved by Reseller and Arrow. Interest, other earnings and gains on investments of the Escrow Account shall be retained in the Escrow Account and further distributed to Reseller every 30-days.

(b) It is also understood and agreed between Arrow and Reseller that in the event that funds are received by the Escrow Agent beyond 30 days with a 15 day

Reseller in any other jurisdiction. Punitive or exemplary damages shall not be recoverable or be awarded as a result of any dispute arising out of or relating to this escrow Agreement. In the event of litigation, the prevailing party on any claim shall be entitled to recover from the other, the prevailing party's legal fees, expert witness fees, and other expenses relating to that claim.

10.     Any notice, consent or request to be given in connection with any of the terms or provisions of this Agreement shall be in writing and shall be sent by registered mail, postage prepaid, or delivered as follows:

(a)     if to the Escrow Agent, to:

M&T Bank
Attn: Joan Stapley 7th Fl CT
One M&T Plaza
Buffalo, NY 14203
Phone: (716) 842-5439
Fax: (716) 842-4474

(b)     if to the Reseller, to:

Serverware Corporation
Attn: Sandy Kegelmayer
3495 Winton Place
Building E, Suite 3A
Rochester, NY 14623
Phone: (585) 785-6110
Fax: (585) 292-1644

(c)     if to Arrow, to:



11.     This Escrow Agreement shall terminate on the earlier of:  (i)  receipt by Escrow Agent of joint written instructions by Reseller and Arrow to close the account or (ii)     thirty     30     days     after     receipt     by     Reseller     and Arrow of written notice from Escrow Agent of its intent to terminate this Escrow Agreement.

12.     As soon as practicable after termination of this Escrow Agreement, the Escrow Agent shall promptly turn over to a successor escrow agent, appointed by both

Reseller and Arrow, all monies and property held hereunder upon presentation of a document appointing the new escrow agent and its acceptance thereof.  If no new escrow agent is so appointed the day after the date of termination, the Escrow Agent may deposit the aforesaid monies and property with Arrow per instructions from Arrow.

　　　　IN WITNESS WHEREOF, the parties have duly executed this Escrow Agreement as of the date first above written.


Arrow Enterprise Computing Solutions, Inc.

By: _Kenneth Carlson_

Title: _Financial Srvcis Analyst_


Serverware Corporation

By: _Sasha Hegelmen_

Title: _CEO_


Manufacturers and Traders Trust Company

By: _____

Title: _Assistant Vice President_

**PERSONAL GUARANTY**

*Date of Guaranty:* 2/27/2002

This Guaranty is made to induce MOCA, Inc., an Arrow Company, 400 Donald Lynch Boulevard, Marlborough, MA 01752-4713 ("Seller"), to extend credit privileges (subject to Seller's terms and conditions) in connection with certain purchases by the below named Customer.

| | |
|---|---|
| *Customer* | ServerWare Corporation |
| | 3495 Winton Place, Suite E-295 |
| | Rochester, NY 14623 |
| *Guarantors* | James Kegelmeyer and |
| | Sandra Kegelmeyer |

Guarantor hereby irrevocably and unconditionally guarantees to Seller until indefeasible payment in full has been made, the payment of all present or future obligations and indebtedness of Customer to Seller (the "Guaranteed Obligations"). If more than one Guarantor is a party to this Guaranty, then each reference to "Guarantor" in this Guaranty shall be a reference to each Guarantor individually and to all Guarantors collectively.

*Amount* __Three Hundred Thousand__ Dollars ($300,000.00)

The Guaranty of payment described herein is limited to an amount at any one time not to exceed (i) the above amount, plus (ii) all costs and expenses, including reasonable attorney's fees, which may be incurred in the collection of amounts due under this Guaranty, plus (iii) interest from the date of demand for payment under this Guaranty at the rate of ten percent (10%) per annum.

*Interest of Guarantor*

Guarantor hereby affirms that he or she has a financial interest in Customer and that this Guaranty is made in expectation of financial gains to the Guarantor as a result of the Customer receiving merchandise from Seller on open account credit arrangements. Seller is willing to make such arrangements only on condition that this Guaranty is executed by Guarantor.

*Other Terms*

The obligation of the Guarantor under this Guaranty is a primary and unconditional obligation, covers all existing and future indebtedness of the Customer to Seller and shall not be subject to deduction for any claim or offset, counterclaim, or defense or loss of contribution from any other guarantor of the Guaranteed Obligations, regardless of whether such other guarantor has executed this Guaranty.

This Guaranty includes Guaranteed Obligations arising under successive transactions continuing, compromising, extending, increasing, modifying, releasing or renewing the Guaranteed Obligations, changing the interest rate, payment terms, or other terms and conditions thereof, or creating new or additional Guaranteed Obligations after prior Guaranteed Obligations have been satisfied in whole or in part.

This is a continuing Guaranty and shall remain in force until 30 days after written notice of revocation sent by the Guarantor by registered mail is received and accepted by Seller at the address set forth above to the attention of the Director of Financial Services, which revocation shall be effective only as to Guaranteed Obligations arising out of transactions entered into 30 days after acceptance of such notice. Termination by operation of law or otherwise as to any Guarantor shall not diminish the liability of any other Guarantor hereunder or otherwise.

Guarantor agrees that it is directly, jointly and severally with any other guarantor of the Guaranteed Obligations, liable to the Seller, that the obligations of Guarantor hereunder are independent of the obligations of Customer or any other guarantor, and that a separate action may be brought against Guarantor, whether such action is brought against Customer or any other guarantor or whether Customer or any other guarantor is joined in such action. Guarantor agrees that its liability hereunder shall be immediate and shall not be contingent upon the exercise or enforcement of any remedies against Customer or any other guarantor, or the enforcement of any lien or realization upon any security. Guarantor agrees that any release which may be given to Customer or any other guarantor shall not release Guarantor. Guarantor consents and agrees that the Seller shall be under no obligation to marshal any property or assets of Customer or any other guarantor in favor of Guarantor, or against or in payment of any or all of the Guaranteed Obligations.

Guarantor waives notice of acceptance hereof, and notice of orders, sales, deliveries and financial accommodations to the Customer, and of the amounts and terms thereof, and of all defaults or disputes with the Customer, and of the settlement or adjustment of such defaults or disputes. Guarantor, without affecting liability hereunder in any respect, consents to and waives notice of all changes of terms, the withdrawal or extension of credit or time to pay, the release of the whole or any part of any Guaranteed Obligations, the settlement or compromise of differences, the acceptance or release of security, the acceptance of notes, trade acceptances, or any other form of obligation for the Guaranteed Obligations, and the demand protest, and notice of protest of such instruments or their endorsements. Guarantor also consents to and waives notice of any arrangement, or settlements made in or out of court in the event of receivership, liquidation, readjustment, bankruptcy, reorganization, arrangement, or assignment for the benefit of creditors of the Customer, and anything whatsoever, whether or not herein specified, which may be done or waived by or between Seller and the Customer, or the Customer and any other person whose claims against the Customer have been or shall be assigned or transferred to Seller.

Guarantor hereby waives: (i) notice of any adverse change in the financial condition of Debtor; (ii) notice of presentment for payment, demand, protest, and notice thereof as to any instrument; (iii) all other notices and demands to which Guarantor might otherwise be entitled; and (i) the benefit of any statute of limitations affecting Guarantor's liability hereunder. Guarantor represents to Seller that Guarantor is informed of the financial condition of Customer and will keep informed of the financial condition of Customer.

To the extent that Guarantor or Customer makes any payment to Seller which is subsequently invalidated, declared to be fraudulent or preferential, set aside or required to be repaid to a trustee, receiver or any other party under any bankruptcy or other federal or state law, then to the extent of such payment, the obligations of Guarantor or Customer, as the case may be, or part thereof intended to be satisfied shall be received and shall continue in full force and effect as if such payment had not been received by Seller.

To the maximum extent permitted by applicable law, Guarantor waives any right of subrogation Guarantor has or may have as against Customer with respect to the Guaranteed Obligations. In addition, Guarantor waives any right to proceed against Customer for contribution, indemnity, reimbursement, exoneration and any other suretyship rights to claims Guarantor may have against the Customer with respect to the Guaranteed Obligations. Guarantor agrees that in light of the immediately foregoing waivers, the execution of this Guaranty shall not be deemed to make Guarantor a "creditor" of Customer and that for purposes of Section 547 and 550 of the United States Bankruptcy Code, Guarantor shall not be deemed a "creditor" of Customer.

WITHOUT LIMITING THE GENERALITY OF ANY OTHER WAIVER OR OTHER PROVISION SET FORTH IN THIS GUARANTY, GUARANTOR HEREBY WAIVES, ANY AND ALL BENEFITS OR DEFENSES ARISING DIRECTLY OR INDIRECTLY UNDER ANY ONE OR MORE OF CALIFORNIA CIVIL CODE SECTIONS 2799, 2808, 2809, 2810, 2815, 2819, 2820, 2821, 2822, 2838, 2839, 2845, 2847, 2848, 2849, AND 2850, CALIFORNIA CODE OF CIVIL PROCEDURE SECTIONS 580a, 580b, 580c, 580d, AND 726, AND CHAPTER 2 OF TITLE 14 OF THE CALIFORNIA CIVIL CODE.

Guarantor represents and warrants that (i) any financial statements delivered by it to Seller did, or will, as of the date of such statements present fairly and accurately the financial condition of Guarantor and (ii) it has no other guarantees outstanding other than as disclosed in writing to Seller.

Guarantor agrees to pay, on demand, all reasonable attorney fees and all other reasonable costs and expenses which may be incurred by the Seller in the enforcement of this Guaranty. This Guaranty shall be binding upon the undersigned and Guarantor's legal representatives, heirs successors and assigns, and shall inure to the benefit of Seller and its successors and assigns.

Any married person who sign this Guaranty expressly agrees that recourse may be had against his or her separate property and his or her share of any community property for all of the Guaranteed Obligations.

No remedy under this Guaranty is intended to be exclusive of any other remedy, but each and every remedy shall be cumulative and in addition to any and every other remedy. No delay or omission by Seller to exercise any right under this Guaranty shall impair any such right nor be construed to be a waiver thereof. Any provision of this Guaranty which is prohibited or unenforceable under applicable law shall be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof.

THE VALIDITY OF THIS GUARANTY, ITS CONSTRUCTION, INTERPRETATION, AND ENFORCEMENT, AND THE RIGHTS OF THE PARTIES HERETO WITH RESPECT TO ALL MATTERS ARISING HEREUNDER OR RELATED HERETO SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA.

THE PARTIES AGREE THAT ALL ACTIONS OR PROCEEDINGS ARISING IN CONNECTION WITH THIS GUARANTY SHALL BE TRIED AND LITIGATED ONLY IN THE STATE AND FEDERAL COURTS LOCATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA. EACH OF GUARANTOR AND SELLER WAIVES, TO THE EXTENT PERMITTED UNDER APPLICABLE LAW, ANY RIGHT EACH MAY HAVE TO ASSERT THE DOCTRINE OF FORUM NON CONVENIENS OR TO OBJECT TO VENUE TO THE EXTENT ANY PROCEEDING IS BROUGHT IN SUCH COUNTY.

GUARANTOR WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS GUARANTY OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN.

*Execution by Guarantor(s)*

Each Guarantor, hereby executes this Guaranty as of the date first written above.

Signature of Guarantor(s) _James A. Kegelmeyer_

Name _James A. Kegelmeyer_

Spouse _____

Signature of Guarantor(s) _Sandra M. Kegelmeyer_

Name _SANDRA M. KEGELMEYER_

Spouse _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York Corporation; ARROW ENTERPRISE COMPUTING SOLUTIONS, INC., a Delaware Corporation<br><br>PLAINTIFF(S) | CASE NUMBER<br><br>**CV 12   1458**-RGK(CWx) |
| v.<br><br>JAMES KEGELMEYER, an individual; SANDRA KEGELMEYER, an individual; and DOES 1 through 10,<br><br>DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):  JAMES KEGELMEYER, SANDRA KEGELMEYER

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Jeffrey M. Galen, Esq._____ , whose address is __16255 Ventura Blvd., Suite 440, Encino, CA 91436_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____FEB 2 1 2012_____

By: _____
                          Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARROW ELECTRONICS, INC., a New York Corporation; ARROW ENTERPRISE COMPUTING SOLUTIONS, INC, a Delaware Corporation<br><br>PLAINTIFF(S)<br>v.<br><br>JAMES KEGELMEYER, an individual; SANDRA KEGELMEYER, an individual; and DOES 1 through 10,<br><br>DEFENDANT(S) . | CASE NUMBER<br><br>CV 12   1458—RGK ((Cwx)<br><br><br><br><br>**SUMMONS** |

TO:  DEFENDANT(S): <u>JAMES KEGELMEYER, SANDRA KEGELMEYER</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ]counterclaim[ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey M. Galen, Esq.</u> , whose address is <u>16255 Ventura Blvd., Suite 440, Encino, CA 91436</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __FEB 2 1 2012__

By: _____
MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                        SUMMONS                                        CCD-1A